UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

GARY COOPER,

               Plaintiff,

     - against -

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT,
DETECTIVE MICHAEL MacDOUGALL,
Shield Number 01963 if the Narcotic Boro
Manhattan North, Individually and in his
Official Capacity as a Detective in the New
York City Police Department, and "JOHN
DOES", the names being fictitious,
representing 6-8 arresting officers from the
New York City Police Department,
Individually and in the Official Capacities as
New York City Police Officers,

               Defendants.

------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

**10 Civ. 5636 (SAS)**



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

On October 14, 2011, nearly eleven months after the 120-day time

limit for service provided for in Federal Rule of Civil Procedure 4(m) expired,[1]

---

[1]     The instant action was filed on July 23, 2010. Once, on November 20, 2010, on the last day of the 120-day period, plaintiff attempted to effect service of process but was unsuccessful in doing so. Because the last day of the 120-day period fell on a Saturday, the service period expired on Monday, November 22, 2010. Plaintiff neither attempted service again nor sought an extension of the time to do so until recently.

plaintiff Gary Cooper, represented by counsel, moved for an extension of time in which to serve defendant Detective Michael MacDougall.[2] In an Order dated November 7, 2011 (the "Order"), this Court granted plaintiff's request and gave him an additional thirty days, up to and including December 7, 2011, in which to serve Detective MacDougall. Staying true to form, plaintiff served Detective MacDougall on the last day possible, December 7, 2011. In the meantime, defendant City of New York (the "City") moved for reconsideration of the Order and, alternatively, for clarification of two aspects of the Order.[3] Plaintiff did not oppose the City's motion for reconsideration. For the following reasons, the City's motion for reconsideration/clarification is granted.

## II.  LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[4] A motion for reconsideration is appropriate where "'the moving party can point to controlling

---

[2] *See* 10/14/11 Notice of Motion (Docket Entry # 25) (seeking an additional thirty days from November 10, 2011 in which to serve Detective MacDougall).

[3] *See* 11/21/11 Notice of Motion (Docket Entry # 33).

[4] *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

2

decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[5]  A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[6]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[7]  Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[8]  Courts have repeatedly been

---

[5]     *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks omitted).

[6]     *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[7]     *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[8]     *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks and citation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

forced to warn counsel that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[9] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[10] nor is it a substitute for appeal.[11]

## III.   DISCUSSION

### A.   Motion for Reconsideration

The City asks this Court to reconsider whether the following three factors warrant a more than twelve-month extension of the service period: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; . . . and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision."[12]

---

[9]     *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[10]     *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[11]     *See Grand Crossing*, 2008 WL 4525400, at *3.

[12]     Order at 3-4 (quoting *Micciche v. Kemper Nat. Servs.*, 560 F. Supp. 2d 204, 210 (E.D.N.Y. 2008) (internal quotation marks and citation omitted)).

4

### 1.     Statute of Limitations

In granting plaintiff's motion for a Rule 4(m) extension, this Court

relied, in considerable part, on the fact that the "the [one-year] statute of limitations

for plaintiff's state law claims may bar the re-filing of some of those claims."[13]

The City objects to this reliance, arguing that "[t]he key factor is whether a service

decision 'would bar the refiling of an *action*,' not whether it would bar certain

claims."[14]  According to the City, because plaintiff's federal claims against

Detective MacDougall would survive in the event that plaintiff's Rule 4(m) motion

was denied, the prejudice to plaintiff resulting from the application of the state law

statute of limitations is sufficiently mitigated.[15]

The City cites *Zapata v. City of New York* in support of its argument.

In *Zapata*, the district court dismissed the entire action against both the City of

New York and the individual defendant and denied plaintiff's request for a Rule

4(m) extension "based on the prejudice that [the individual defendant] would suffer

---

[13]     Order at 4 (noting that New York Civil Practice Law and Rules § 215 (imposes a one-year statute of limitations for intentional tort claims including false imprisonment and malicious prosecution).

[14]     Memorandum of Law in Support of Defendant's Motion for Reconsideration ("Def. Mem.") at 5 (quoting *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) (emphasis in original)).

[15]     *See id.* at 4-5.

by being forced to defend a time-barred action.[16]  In affirming the lower court, the

Second Circuit stated:

> Where, as here, good cause is lacking, but the dismissal
> without prejudice in combination with the statute of
> limitations would result in a dismissal *with* prejudice, we
> will not find an abuse of discretion in the procedure used by
> the district court, so long as there are sufficient indications
> on the record that the district court weighed the impact that
> a dismissal or extension would have on the parties.[17]

It stands to reason that if a court could use its discretion and deny a plaintiff's Rule

4(m) motion where that denial would result in the dismissal of an entire action with

prejudice against an individual defendant, it certainly could deny such a motion

where only some of the plaintiff's state law claims would be time-barred as a

result.  Accordingly, upon reconsideration, I now conclude that the first factor does

not favor granting an extension.

Furthermore, in analyzing the degree of prejudice to a defendant

resulting from the grant of a Rule 4(m) extension, the court in *Zapata* declined to

adopt any per se rules.  Instead, it is left to the discretion of the district court

whether to grant or deny an extension of time to make service and determine the

---

[16]     *Zapata*, 502 F.3d at 197.

[17]     *Id.* (footnote omitted, emphasis in original).

impact of that decision on the statute of limitations.[18]

### 2.    Actual Notice

In the Order, this Court found that the second factor weighed in favor of granting an extension because "there [was] some credible evidence that Detective MacDougall had actual notice of plaintiff's claims as he was the arresting detective and was so identified in plaintiff's Notice of Claim, which was filed on July 23, 2009."[19] According to the City, "actual notice for purposes of Rule 4(m) means actual receipt of a federal complaint."[20] Furthermore, the City points out that plaintiff did not serve his Notice of Claim on Detective McDougall as a Notice of Claim is a state law prerequisite to the assertion of state law claims against a municipality.[21] Although *Micciche v. Kemper National Services* – relied on by the City – is a district court case and thus not controlling, I accept the City's point for purposes of this motion.[22] Accordingly, because a Notice of Claim does

---

[18]    *See id.* at 198 ("[W]e leave to the district courts to decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service.").

[19]    Order at 4.

[20]    Def. Mem. at 3 (citing *Micciche*, 560 F. Supp. 2d at  210).

[21]    *See id.*

[22]    More will be said about the legal effect of a Notice of Claim within the context of a Rule 4(m) extension motion. *See infra.*

not provide actual notice of a federal lawsuit to those employees named therein, I now find that the second factor does not weigh for or against an extension of the service period.

### 3.    Prejudice

Finally, the City objects to this Court's finding that the "potential prejudice" that Detective MacDougall would suffer as a defendant is no different than the prejudice he would suffer as a witness because, as a defendant, Detective MacDougall is subject to potential personal financial exposure.  The Order was predicated on the assumption that Defendant MacDougall would be indemnified by the City for any money damages that could be awarded against him.  But this was only an assumption.  As such, it should not have figured in this Court's calculus of the potential prejudice to Detective MacDougall.

In sum, the Court must now balance the prejudice to plaintiff which would result if his motion was not granted against the prejudice to Detective MacDougall resulting from his inclusion as a defendant rather than as a witness in this lawsuit.  This new balancing weighs decidedly against granting plaintiff a twelve-month extension of the service period, especially considering his single, paltry attempt at making service on the last day of the 120-day period. Accordingly, to prevent a manifest injustice, this Court hereby vacates its previous

Order granting plaintiff such an extension and dismisses Detective MacDougall from this lawsuit.

**B.   Motion for Clarification**

The City seeks clarification of the Order in two respects: first, with regard to the length of the extension plaintiff sought, and second, the legal effect of a Notice of Claim served upon the City on any City employee mentioned therein who is later sued in a related federal action.  Both aspects have already been covered but will be re-stated for the sake of clarity.   The length of the requested extension is more than twelve months, starting from the expiration of the 120-day service period on November 22, 2010 through December 10, 2011, the end of the additional thirty-day period requested in plaintiff's Notice of Motion.  As for the legal effect of a Notice of Claim for purposes of a Rule 4(m) motion for an extension of time, there is none.  Because a Notice of Claim does not provide an employee cited therein with actual notice of a federal lawsuit, it does not weigh for or against a Rule 4(m) extension.

**IV.   CONCLUSION**

The City's motion for reconsideration is granted and Detective MacDougall is dismissed as a defendant from this lawsuit.   The Clerk of the Court is directed to close this motion (Docket Entry # 33).

9

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            January 11, 2012

## - Appearances -

**For Plaintiff:**

Timothy Patrick Devane, Esq.
Timothy P. Devane, Attorney at Law
204 West 84th Street
New York, NY 10024
(646) 573-4985


**For Defendant City of New York:**

Katherine Alice MacFarlane
Assistant Corporation Counsel
New York City Law Department
100 Church Street, 3rd Floor
New York, NY 10007
(212) 788-1001